IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JASON D. BUNCH d/b/a CARFINDERS AUTO OUTLET, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 23-166 ) |
| The M/V TRAVELER, her engines, tackle, furniture, and appurtenances, etc., *In Rem*, | ) IN ADMIRALTY ) *IN REM* ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the *Motion for Default Judgment* (Doc. 18, filed 9/6/23) filed by Plaintiff Jason D. Bunch d/b/a Carfinders Auto Outlet ("Bunch"). Having fully considered the Verified Complaint, Bunch's position, his motion and all attachment thereto, the Court finds the Motion for Default Judgment is due to be **GRANTED**.

### I.   PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff's Verified Complaint asserts an *in rem* claim against the M/V TRAVELER (the "Vessel") arising from a default under a promissory note and a First Preferred Ship mortgage covering the Vessel. The Vessel is presently under seizure and The Mariner, LLC d/b/a The Grand Mariner is serving as substitute custodian at the direction of this Court.

Service upon the Vessel of the Verified Complaint on May 12, 2023, constituted actual notice of the commencement of this suit against the Vessel in accordance with the provisions of 46 U.S.C. § 31312(d)(1)(A). Plaintiff published a Notice of Action and Arrest of the Vessel in the *Lagniappe* on July 5, 2023, July 12, 2023, and July 19, 2023, and filed proof of such publication with the Court. The deadline for filing claims against the Vessel ran on August 2,

2023.  No claim was filed.  The Defendant failed to plead or otherwise defend the claim.

## II.  STANDARD OF REVIEW

The Federal Rules of Civil Procedure establish a two-part process for obtaining a default judgement. FRCP 55. If "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" the clerk of court "must enter the party's default." FRCP 55(a).  After default has been entered, if the "claim is for a sum certain or a sum that can be made certain by computation," the clerk must enter default. FRCP 55(b)(1). In all other circumstances, "the party must apply to the court for a default judgment." FRCP 55(b)(2). Also, a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FRCP 54(c).

The Court of Appeals for the Eleventh Circuit has held that although "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover, a defaulted defendant is deemed to admit the plaintiffs well-pleaded allegations of fact. The defendant, however, is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Tyco Fire & Sec.k LLC,v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007) (per curium) (citations and internal quotations omitted). Moreover, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations of the complaint…actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id.* (emphasis omitted). Therefore, [Plaintiff] must establish a "prima facie liability case" against the defendants. *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004) (citations omitted).

Also, when assessing default judgment damages, the Court has "an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2007). Therefore, when ruling on a motion for default judgment, the Court must determine whether there is a sufficient factual basis in the complaint upon which a judgment may be entered.  *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

*Dog River Marina & Boatworks, Inc. v. M/V TUNNEL VISION*, Civ. Act. No. 20-00529-TFM-B, 2022 WL 6785757, at *1-2 (S.D. Ala. October 11, 2022) (internal citation and quotation omitted).

## III.  DISCUSSION AND ANALYSIS

The Court finds the facts sufficient to warrant default judgment.  The Vessel was served

on May 12, 2023. Plaintiff published the Notice of Action and Arrest of the Vessel in the *Lagniappe* on July 5, 2023, July 12, 2023, and July 19, 2023. The 14-day deadline to for filing claims against the Vessel ran on August 2, 2023, and no claim was filed. Defendant had ample time to appear or file a response in this action. Defendant has yet to appear in this matter. The Court finds that the well-pleaded allegations of Plaintiff's Verified Complaint state a cause of action and that there is a substantive, sufficient basis in the pleadings for the relief sought. Stated differently, the Court finds the Verified Complaint sets forth a sufficient factual basis upon which a judgment may be entered.

## IV.   CONCLUSION

Having fully considered Bunch's Verified Complaint, his position, his motion and all attachments thereto, the Court hereby awards judgment in favor of Plaintiff and against the Defendant Vessel in the total amount of as to his claim for $406,037.92 which includes outstanding principal in the amount of $351,263.41, accrued interest in the amount of $52,706.64 as of September 6, 2023 (*see* Doc. 18-1, ¶ 6), and the accrued interest from September 6, 2023 to October 19, 2023 (the date of this opinion) in the amount of $2,067.87 (at $48.09 per diem).

Inasmuch as Plaintiff has advised that he will be requesting Court approval regarding the anticipated sale of the Vessel, this Court retains jurisdiction to address that issue and any additional expenses incurred by Plaintiff in relation thereto.

**DONE** and **ORDERED** this the 19th day of October, 2023.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE